

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1968

Hon. Robert S. Calvert
Comptroller of Public
  Accounts
Austin, Texas

Opinion No. M-177

Re: Construction of Section
    8(C) of Article 678f,
    Vernon's Civil Statutes,
    relating to the certifi-
    cation by the Comptroller
    that a contract awarded
    by the State is not in
    excess of the amount avail-
    able for such project.

Dear Mr. Calvert:

Your request for an opinion reads, in part, as follows:

"The State Building Commission has awarded a contract for the construction of certain public works for a total contract price of two million eight hundred ninety-six thousand and one hundred dollars ($2,896,100.00), approximately one million dollars of which is to be paid from funds appropriated by the Congress and alloted to the State of Texas under the Community Health Centers Act (42 U.S. Code, secs. 2681-2687). Documents have been furnished by the Dallas Regional Office, Department of Health, Education and Welfare, U. S. Government, which reflect that the Federal funds have been approved and obligated for the public works project. However, the funds have not been transferred to the State, and it is anticipated that the funds will be furnished to State authorities on a quarterly basis after the construction is started.

"Prior to the award of the contract the proposed contract award was forwarded to the Comptroller for certification of available funds. In those instances in which sufficient State funds are available for the complete performance of a public works contract the Comptroller normally certifies on the contract award "that sufficient funds are available for the contract described

above." However, in the instant case the Comptroller determined that funds appropriated by the State only in the amount of $1,849,536.24 were available for the project. Accordingly, the Comptroller certified that amount as available, but noted on the proposed contract award that the Federal funds involved had been obligated for the project.

"In light of the foregoing circumstances your opinion is respectfully requested on the following questions:

"a. Prior to receipt of Federal funds alloted and obligated for a State public works project, which together with State appropriations account for the project, may the Comptroller execute an unqualified certification that sufficient funds are available for the project?

"b. If your answer to the foregoing question is in the negative, may a valid certification be executed by adding thereto a qualifying phrase such as "subject to the receipt of $1,004,360.00 in Federal funds which have been obligated for the above project?"

"c. Under the contract described above, wherein the Comptroller certified a stated amount as available and the balance of the contract price is to be furnished from obligated Federal funds, may the Comptroller make progress payments or pay any other claim under the contract prior to receipt of Federal funds?

"d. May the Comptroller make progress payments or pay other claim pursuant to an awarded construction contract in respect to which no certification of available funds has been made by the Comptroller or in respect to which the amount certified as available from State appropriations is less than the amount for which the contract was awarded?"

The applicable provisions of Section 8(C) of Article 678f, Vernon's Civil Statutes, read as follows:

". . . . Subject to the applicable provisions of other law respecting the award of State contracts, the contract or contracts shall be awarded to the qualified bidder making the lowest and best bid; but no contract shall be awarded for a sum in excess of the amount which the Comptroller shall certify to be available for such project, . . . ."

Section 49 of Article III of the Constitution of Texas provides, in part:

"No debt shall be created by or on behalf of the State, except . . . ." (Exception not applicable.)

Section 6 of Article VIII of the Constitution of Texas prohibits any appropriation of money for a term longer than two years.

The leading cases concerning whether a contract creates obligations on behalf of the State in violation of Section 49 of Article III of the Constitution of Texas are Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924); Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); and City of Big Spring v. Board of Control, 404 S.W.2d 810 (Tex.Sup. 1966). In Charles Scribner's Sons v. Marrs, supra, the Court was considering the validity of a contract for the purchase of certain books for a period of five years. The obligation of the contract was not to buy a fixed number or amount of books but only so many as needed by the schools of the State. The Court held, therefore, that since the contract did not make a charge on the future revenues of the State, no debt was created nor was Section 6 of Article VIII of the Constitution of Texas violated.

In Fort Worth Cavalry Club v. Sheppard, supra, the Court held a lease contract for a period of five years void, since the adjutant general had the implied power to make a contract only within the amounts of the appropriation, and for the period of the appropriation.

In City of Big Spring v. Board of Control, supra, the Court held that a contract whereby the city agreed to furnish water to the State at a fixed rate "as long as the State of Texas shall in good faith maintain and operate

Hon. Robert S. Calvert, page 4, (M-177)

said hospital on said site" did not create a debt.

In Nichols v. State, 32 S.W. 452 (Tex.Civ.App. 1895, error ref.) the State was held not liable under a contract entered into by the State involving an amount exceeding the amount available for such project, and the legislature was held to be without power to ratify the contract to the extent it exceeded the appropriation.

In view of the foregoing, it is our opinion that the purpose of Section 8(C) of Article 678f, supra, is to prevent the awarding of a contract which would attempt to create obligations in violation of Section 49 of Article III of the Constitution of Texas. Section 8(C) of Article 678f is designed to enable agencies of the State to determine in advance of the award of a particular contract whether the obligation to be created by the award is payable out of monies available for such project. In this respect, the certification of the Comptroller with regard to contracts is similar to the certification of the Comptroller under the provisions of Section 49a of Article III of the Constitution of Texas relating to appropriations being within the amount estimated to be available in the affected funds.

A contract for the construction of certain public works payable out of State funds, appropriated by the Legislature, and out of Federal funds appropriated by the Congress, and allocated to the State of Texas does not create a debt in violation of Section 49 of Article III of the Constitution of Texas when the amount of State funds appropriated by the Legislature, together with the amount of Federal funds approved and obligated for such project, is equal to or exceed the amount of the awarded contract. Under such circumstances, the Comptroller of Public Accounts is authorized to execute certificates provided in Section 8(C) of Article 678f. Under the facts stated in your request, in answer to your questions (a) and (b), it is our opinion that you are authorized to make the certification provided in Section 8(C) of Article 678f, for the reason that the contract awarded is not in excess of the amount made available for such project.

In answer to your questions (c) and (d), it is noted that money can only be drawn from the State Treasury pursuant to specific appropriations made by the Legislature. Article VIII, Section 6, Texas Constitution. Therefore, the Comptroller does not have authority to pay out funds in the State Treasury except in pursuance to specific appropriations, and where obligated Federal funds are to be deposited in the State Treasury and which have been appropriated by the Legislature, progress payments payable from these funds may not be made

until such Federal funds have been received by the State. State funds appropriated by the Legislature, on the other hand, may be expended by progress payments until the appropriation has been exhausted.

## S U M M A R Y

A contract for the construction of certain public works payable out of State funds appropriated by the Legislature and out of Federal funds appropriated by the Congress and allocated to the State of Texas does not create a debt in violation of Section 49 of Article III of the Constitution of Texas when the amount of State funds appropriated by the Legislature, together with the amount of Federal funds approved and obligated for such project, is equal to or exceed the amount of the awarded contract. Under such circumstances, the Comptroller of Public Accounts is authorized to execute certificates provided in Section 8(C) of Article 678f, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Harold Kennedy
W. O. Shultz
Bill Allen

A. J. CARUBBI, JR.
Staff Legal Assistant